FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2014 FEB -7 PM 1:35

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

GRANT BIRCHMEIER, STEPHEN PARKES,
and REGINA STONE, on behalf of themselves
and a class of others similarly situated,

Plaintiffs,

v.

CARIBBEAN CRUISE LINE, INC.,
ECONOMIC STRATEGY GROUP,
ECONOMIC STRATEGY GROUP, INC.,
ECONOMIC STRATEGY, LLC, THE
BERKLEY GROUP, INC., and VACATION
OWNERSHIP MARKETING TOURS, INC.,

Defendants.

Misc. Case No. _____

[Underlying Action currently pending]
No. 1:12-cv-04069 (N.D. Ill.)
Honorable Matthew F. Kennelly

2:14-MC-3-FIM-38CM

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO COMPEL DARREN ROBB AND FOR AN ORDER TO SHOW CAUSE**

Plaintiffs Grant Birchmeier, Stephen Parkes, and Regina Stone (collectively, "Plaintiffs")

through their attorneys and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby

respectfully move this Honorable Court to enforce a third-party subpoena issued out of this

judicial district. Specifically, Plaintiffs seek an Order requiring Darren Robb, an individual, to

produce documents previously subpoenaed, or to appear before this Court and explain the

reasons for his failure to produce documents. Additionally, Plaintiffs request that this Court order

Mr. Robb to show cause why he should not be held in contempt of Court, and if he cannot do so,

hold him in contempt, so that Plaintiffs may have the opportunity to obtain the information

sought in their subpoena. In support of their Motion, Plaintiffs state as follows:

API

4493

## INTRODUCTION

This Motion is the culmination of a six month-long effort to locate Darren Robb and obtain documents from him that are relevant to the underlying case captioned *Birchmeier et al. v. Caribbean Cruise Line, Inc. et al.*, No. 1:12-cv-04069 (N.D. Ill.) ("*Birchmeier*" or the "Underlying Action"), which is pending in the United States District Court for the Northern District of Illinois before the Honorable Matthew F. Kennelly. In *Birchmeier*, Plaintiffs allege that Defendants The Berkley Group, Inc. ("Berkley Group"), Vacation Ownership Marketing Tours, Inc. ("VOMT"), Caribbean Cruise Line, Inc. ("CCL") and Economic Strategy Group, Inc. ("ESG," and collectively, the "Defendants") are responsible for millions of robocalls to consumers nationwide, without their consent, and in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). (*See Birchmeier*, Consolidated Class Action Complaint ("Consolidated Complaint"), Dkt. 102, a true and accurate copy of which is attached here to as Exhibit 1.)[1] Darren Robb was responsible for running the automated dialing machine that made the calls at issue in *Birchmeier. See* Ex. 2, DeJongh Dep. at 189.

After trying unsuccessfully to locate and serve Robb at his business address, Plaintiffs served Robb at his home with a subpoena to produce documents by no later than September 23, 2013 (the "Subpoena"). *See* Exs. 3, 4, 5, Service of Process Documents and Subpoena. Mr. Robb, however, did not respond at all to that Subpoena until Plaintiffs informed him that they intended to institute an action against him to enforce their Subpoena. Ex. 6, Email from E. Rapp to D. Robb. After receiving that letter, Mr. Robb responded by promising to comply with the subpoena.[2] *Id.* He then retained an attorney who on December 4, 2013, confirmed in writing that Mr. Robb would produce all responsive documents in his possession, custody, or control by no

---

[1]    All citations to the Complaint and Docket refer to the Underlying Action.

[2]    Mr. Robb also claimed that he had left voicemails with Plaintiffs' counsel after receiving the subpoena, but counsel has no record of any such calls.

later than January 10, 2014. Ex.7, Email from R. Youell to E. Rapp. That date also came and went without word from Mr. Robb or his attorney, and without any document production. Since that time, Plaintiffs' counsel has repeatedly attempted to contact Mr. Robb's attorney (both by telephone and email), but have received no response. *See* Ex. 8, Emails to R. Youell. Therefore, Plaintiffs have no choice but to institute this action and seek a court order directing Mr. Robb to comply with the Subpoena.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### I.    The Underlying Action.

Plaintiffs' Consolidated Complaint in the Underlying Action alleges that Defendants, working cooperatively, made thousands of unsolicited telemarketing robocalls to consumers nationwide—which promoted vacation packages under the guise of conducting public opinion surveys—in violation of the TCPA. *See generally* Ex. 1. Specifically, Plaintiffs allege that Defendants are liable for unsolicited calls made to consumers in which a recording identifying the caller as a purported polling entity—in many cases an operating unit of ESG—informed consumers that they would receive a "free cruise" in exchange for answering a series of public opinion survey questions. (*Id.* ¶¶ 1, 19, 25-29.) Defendants' surveys, however, were simply used as a method to get potential customers on the line and then transfer those individuals to live operators who attempted to up-sell them into paying additional fees for Defendants' vacation packages and timeshares. (*Id.* ¶ 19.) None of the individuals called consented to receiving the calls. (*Id.* ¶¶ 20, 38, 40.)

Because Robb operated the automated dialing equipment that was used to make the calls at issue, Plaintiffs believe that he will have relevant information about the lists of consumers who were called, among other related topics. Mr. Robb did not contest the relevance of Plaintiffs'

Subpoena; indeed, as mentioned above, he promised to produce all responsive documents, but then simply failed to do so. Since then, Plaintiffs have made a number of attempts to reach him (through counsel), to no avail.

Discovery in the underlying *Birchmeier* case is ongoing, with the Court recently denying Defendants' motion for a protective order staying discovery. *See* Ex. 9, Minute Order denying Motion for Protective Order.

## ARGUMENT

Federal Rule of Civil Procedure Rule 45 "permits a party to procure discovery from a non-party through the issuance and service of a subpoena." *Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008). The scope of subpoenas for production of documents pursuant to Rule 45 is the same as the scope of discovery under Rule 26. *See Ortiz-Carballo v. Ellspermann*, No. 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *1 (M.D. Fla. Apr. 7, 2009). Thus, a party seeking information is broadly permitted to discover any non-privileged matter that is relevant to any party's claim or defense from parties and non-parties alike. *Id.* And, as with discovery under Rule 26, relevancy is not limited to information that would be admissible at trial; rather, it is broadly construed to include any information that is "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

To ensure that a non-party with discoverable information complies with requests made through subpoenas, Rule 45 gives the Court authority to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e); *see also Hernandez*, 2008 WL 3157192, at *3. That is because "a subpoena issued on behalf of the court should be treated as a court order." *DeVolk *1339 v. JBC Legal Group, P.C.*, No. 8:04-CV-1275-T30-EAJ, 2008 WL 1777740, at *1 (M.D. Fla. Apr. 18, 2008) (citing Fed. R. C. P. 45(a)

Advisory Committee Note (1991 Amend.)). As a result, courts "have inherent power to enforce compliance" with subpoenas through civil contempt sanctions. *Smith v. Pefanis*, 652 F. Supp. 2d 1308, 1338-39 (N.D. Ga. 2009) (citing *Old Nat'l Bank v. Goldberg & Assocs., LLC*, No. 08-80078-CIV, 2009 WL 813019, at \*2 (S.D.Fla. Mar. 23, 2009)). Such sanctions may be granted after the moving party establishes *prima facie* compliance with Rule 45, *Johnson v. Petsmart, Inc.*, No. 606CV1716ORL31UAM, 2007 WL 2852363, at \*2 (M.D. Fla. Oct. 2, 2007), and generally "include a fine and/or confinement, levied against the party held in contempt." *Hernandez*, 2008 WL 3157192, at \*3.

Here, Plaintiffs properly issued the Subpoena out of the Middle District of Florida, the district in which Mr. Robb resided when served. *See* Ex. 4, Proof of Service of Subpoena. As such, under Rule 45, this Court has the inherent power to, and should, enforce Plaintiffs' subpoena by compelling the production of the documents requested, require Mr. Robb to show cause as to why he should not be held in contempt of Court, and ultimately, issue an order holding him in contempt if he continues to ignore Plaintiffs' Subpoena.

Plaintiffs' request for an order compelling Mr. Robb to produce documents, and ultimately for an order holding him in contempt if he fails to do so, should be granted, as each of Plaintiffs' requests seek relevant and discoverable information, and Mr. Robb has never suggested otherwise. Specifically, the Subpoena to produce documents sought relevant information, including documents and/or communications about the phone calls at issue—*e.g.*, the number of and manner in which the calls were made. *See, e.g.*, Ex. 5 at Request Nos. 1-2, 8-11. In any event, Mr. Robb waived any objections he had to the Subpoena by failing to timely respond.

Additionally, the Court should grant Plaintiffs' request for an order requiring Mr. Robb to show cause as to why he should not be held in contempt of Court, and also why civil contempt sanctions should not be imposed. As previously discussed, the Subpoena was properly issued out of this District, and appropriately served on Mr. Robb on September 26, 2013. Ex. 4, Proof of Service of Subpoena. Additionally, the Subpoena unambiguously notified Mr. Robb of his rights and responsibilities, the information Plaintiffs requested, and the date on which his response was required. *See* Ex.5, Subpoena. Moreover, Mr. Robb indicated that he would fully comply with the Subpoena and thus had no colorable basis for failing to respond. Exs. 6-7, Emails between E. Rapp and Y. Youell.

As a result, Robb should be required to show cause as to why he has not complied with this Court's orders. *See Smith*, 652 F.Supp.2d at 1339 (holding "once the moving party makes a *prima facie* showing that the court order was violated"—specifically that (i) a valid court order was in effect, (ii) the order was clear and unambiguous, and (iii) the alleged violator could have complied but chose not to—"the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion of inability.") (citing *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). If he fails to do so, the Court should adjudge him to be in contempt. *See Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 5:04-CV-12-OC-10, 2006 WL 1063299, at *2, (M.D. Fla. Mar. 28, 2006) (explaining that the "Eleventh Circuit has found that '[i]f a witness disregards the subpoena and fails to comply...the witness may be found in contempt of court, with no need for any further court order.'"). In this case, taking such action is the only way to ensure Mr. Robb's compliance with the Subpoena, and to guarantee Plaintiffs can obtain the relevant information to which they are entitled.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request, that this Court enter an Order (i) compelling Darren Robb to produce the documents requested in Plaintiffs' Subpoena to Produce Documents, (ii) requiring Mr. Robb to show cause as to why he should not be held in contempt for failure to comply with the Subpoena, (iii) ordering his incarceration should he fail to do so, and (iv) granting any additional relief the Court deems reasonable and just.

GRANT BIRCHMEIER, STEPHEN PARKES,
REGINA STONE, individually and on behalf of all
those similarly situated.

Date: February 4, 2014                          By: _____
                                                    One of Plaintiff's Attorneys

| | |
|---|---|
| Jay Edelson<br>jedelson@edelson.com<br>Rafey S. Balabanian<br>rbalabanian@edelson.com<br>Christopher L. Dore<br>cdore@edelson.com<br>Eve-Lynn J. Rapp<br>erapp@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>Fax: 312.589.6378<br><br>*Counsel for Stone, and Interim Co-Lead<br>Class Counsel* | Scott R. Rauscher<br>Michael I. Kanovitz<br>Jonathan I. Loevy<br>LOEVY & LOEVY<br>312 N. May Street, Suit 100<br>Chicago, Illinois 60607<br>Telephone: (312) 243-5900<br>Email: scott@loevy.com<br>jon@loevy.com<br>mike@loevy.com<br><br>*Counsel for Birchmeier and Parkes, and<br>Interim Co-Lead Class Counsel* |
| Scott D. Owens<br>LAW OFFICES OF SCOTT D. OWENS, ESQ.<br>664 East Hallandale Beach Boulevard<br>Hallandale, Florida 33009<br>Telephone: (954) 306-8104<br>Email: scott@scottdowens.com<br><br>*Counsel for Stone* ||

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that one of the attorneys representing Plaintiffs in the above-caption matter emailed Mr. Robb's attorney on January 29, 2014 to inform her that they intended to seek relief from the Court to enforce their Subpoena, and Mr. Robb's attorney failed to respond to that email. On January 31, 2014, Plaintiffs informed Defendants in the underlying action of their intent to file this motion, and none of the Defendants indicated an opposition.

By: _____

Scott D. Owens, Esq.

8

## CERTIFICATE OF SERVICE

I, Scott D. Owens, an attorney, hereby certify that on February 4, 2014, I served the above and foregoing *Plaintiffs' Motion and Memorandum of Law in Support of Motion to Compel Darren Robb and For an Order to Show Cause Against Darren Robb* by causing a true and accurate copy of such paper to be transmitted to the persons shown below via email and certified mail, on this the 3rd day of February 2014.

Rene Youell, Attorney for Darren Robb
Attorney At Law
Post Office Box 53
Freeport, Florida 32439

I also certify that I served the foregoing by causing a true and accurate copy to be transmitted to the persons shown below via electronic mail, on this the 3rd day of February 2014.

| | |
|---|---|
| Brian P. O'Meara<br>bomeara@mcguirewoods.com<br>McGuire Woods LLP<br>77 West Wacker Drive, Suite 1400<br>Chicago, Illinois 60601<br>Telephone: (312) 849-8100<br>Facsimile: (312) 849-3690<br><br>M. Peebles Harrison<br>peebles@outerbankslaw.com<br>Rose Harrison & Gilreath, P.C.<br>7000 Blue Jay St., Suite 1<br>P.O. Box 405<br>Kill Devil Hills, NC 27948<br>Telephone: (252) 480-1414<br>Facsimile: (242) 480-1765<br><br>*Attorneys for Defendant Berkley Group* | Richard Epstein<br>richard.epstein@gmlaw.com<br>Jeffrey Backman<br>jeffrey.backman@gmlaw.com<br>GREENSPOON MARDER, P.A.<br>200 East Broward Blvd., Suite 1500<br>Fort Lauderdale, FL 33309<br>Telephone: (954) 734-1853<br>Facsimile: (954) 213-0140<br><br>Timothy A. Hudson<br>thudson@tdrlawfirm.com<br>Tabet DiVito Rothstein<br>209 South LaSalle Street, 7th Floor<br>Chicago, Illinois 60604<br>Telephone: (312) 762-9450<br><br>*Attorneys for Defendants VOMT and CCL* |

By: _____
Scott D. Owens, Esq.